# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **GUAM POWER, INC.**, a Guam Corporation, as general partner on behalf of **GUAM RESOURCE RECOVERY PARTNERS**, a Delaware Limited Partnership, <br><br> Plaintiff, <br><br> v. <br><br> **GOVERNMENT OF GUAM** and **GUAM ECONOMIC DEVELOPMENT AUTHORITY**, a public corporation, <br><br> Defendant. | **Case No. CV1680-11** <br><br><br> **DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on August 26, 2019 upon Plaintiff's Motion to Strike Appearance of the Office of the Attorney General ("Motion to Strike"). Attorney Ignacio C. Aguigui represents Guam Power, Inc. ("GPI") and Guam Resource Recovery Partners ("GRRP") (collectively, "Plaintiff"). Assistant Attorney General David J. Highsmith represents the Government of Guam ("Government") and Attorney Thomas J. Fisher and Attorney Rachel Taimanao-Ayuyu represent the Guam Economic Development Authority ("GEDA") (collectively, "Defendants"). Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and DENIES Plaintiff's Motion to Strike.

## BACKGROUND

Plaintiff filed the underlying Verified Complaint ("Complaint") on October 14, 2011[1] seeking damages from Defendants pursuant to the Government Claims Act. *See* 5 GCA § 6101. Plaintiff alleges, *inter alia*, breach of contract by Defendants with respect to a license to enter into a contract for the financing, construction, and operation of a waste-to-energy facility. The license at issue has been the subject of extensive litigation, the history and relevant facts of which have been thoroughly explained by the Supreme Court of Guam in the following cases: *Pangelinan v. Gutierrez* ("*Pangelinan I*"), 2003 Guam 12; *Pangelinan v. Gutierrez* ("*Pangelinan II*"), 2004 Guam 16; *Pangelinan v. Camacho* ("*Pangelinan III*"), 2008 Guam 4; and *Pangelinan v. Camacho* ("*Pangelinan IV*"), 2011 Guam 9.[2]

For purposes of the current motion before the Court, the relevant facts are as follows:

On January 2, 2019, Sandra Cruz Miller submitted a Notice of Withdrawal of Counsel of Record. This Notice was not served upon Plaintiff. Ms. Cruz represented Defendants after the Office of the Attorney General ("AG") withdrew representation of Defendants on a conflict basis. On April 30, 2019, three months after Ms. Cruz's withdrawal, Assistant AG David J. Highsmith entered his appearance for the Government and GEDA. On the same day, Plaintiff submitted a Motion to Strike the AG's appearance. On May 28, 2019, Defendants filed their Opposition to Motion to Strike ("Opposition"). On June 11, 2019, Plaintiff filed its Reply in Support of Plaintiff's Motion to Strike Appearance of the Office of the Attorney General ("Reply"). This matter came before the Court on August 26, 2019 for oral argument. At that time, the Court took the matter under advisement.

---

[1] The Complaint was amended on May 2, 2012. The Government and GEDA filed their Answers to the Amended Complaint on May 8, 2012 and May 11, 2012, respectively.
[2] The Court hereby adopts and defers to the history and background stated in the aforementioned opinions for a complete recitation of the events leading up to the current motion.

## DISCUSSION

Plaintiff alleges the AG's appearance in this case should be stricken for a number of reasons. The Court finds one of these reasons to be inapplicable to the analysis here. Plaintiff dedicates a significant amount of its argument in its Motion to Strike and its Reply discussing the benefits of waste-to-energy incineration facilities. Motion to Strike at 3-4 n. 3; Reply at 4-6. The Court does not see how the alleged benefits of these facilities has any legal bearing on the AG's ability to appear on behalf of Defendants in this matter.

Aside from this argument, Plaintiff asserts the AG's appearance should be stricken on three other bases: (1) Ms. Cruz's notice of withdrawal from this matter was not served upon Plaintiff's counsel; (2) the AG's office will likely be a witness if the litigation continues; and (3) entrance of the AG's office will cause this case to delve further into litigation, causing prejudice to Plaintiff. Defendant responds, arguing the Guam Organic Act designates the AG as counsel for the Government. Plaintiff replies, arguing Defendant's opposition indicates the AG's office does not understand and does not have the ability to bring itself up to speed with the facts of the case, causing litigation to extend further, and that the appearance of the AG will disrupt these proceedings, generally.

Plaintiff alleges its Motion to Strike is the appropriate channel to strike the appearance of the AG in this matter. Reply at 2. Defendant argues Plaintiff's Motion to Strike is essentially a Motion to Disqualify, under which Plaintiff has not alleged any violations of the Guam Rules of Professional Conduct. Opposition at 3-4. Regardless of the appropriate avenue to remove the AG from this case, Plaintiff has not met its burden under either standard.

\

\

**A.    The AG's appearance in this matter should not be stricken under a Motion to Strike standard.**

The arguments submitted by both counsel do not reference what the applicable standard is in determining a motion to strike appearance of counsel.  Both parties make respective arguments for and against striking the AG's appearance, but no legal standard is asserted.

Plaintiff asserts a Motion to Strike is the appropriate channel for such action, citing the Court's prior Decision and Order in *Tsang v. Tsang*.  CV0897-15, Decision and Order on Plaintiff's Motion to Strike Appearance of Evergreen's Counsel and Motion to Dismiss (Oct. 7, 2016) ("*Tsang* D&O").  However, the argument in the *Tsang* D&O was premised on the argument that the defendant in that case hired counsel without the proper legal authority. *Id.* at 3. The corporation defendant's operating agreement provided the steps required to retain counsel. *Id.* The corporation did not follow those steps. *Id.* at 4. In the *Tsang* D&O, the Court had a basis on which to rest its order striking counsel's appearance.

Here, the Court has no standard to follow.  Plaintiff makes many allegations of the AG, claiming the AG has its own agenda in this case and intends to renege on its client's duties and obligations under the Settlement Agreement.  Motion to Strike at 3-5. Plaintiff offers no evidence for this allegation, which appears to be the crux of its Motion to Strike.  Plaintiff has not cited any statute, case law, regulation, etc., vesting the Court with the authority to strike the appearance of a party's counsel on these grounds, nor can the Court find such statutes, case laws, regulations, etc.

Therefore, under a Motion to Strike "standard," Plaintiff's Motion to Strike fails.

\

\

**B.** **Plaintiff has not sufficiently alleged any basis to disqualify the AG's office under a Motion to Disqualify standard.**

Defendants argue the motion should be considered a Motion to Disqualify, using an analysis of the Guam Rules of Professional Conduct to determine whether the AG should be stricken as counsel. Opposition at 3-4. Plaintiff does not advance such a theory and has not explicitly argued so.

However, Plaintiff, though not in the name of a Motion to Disqualify, asserts the AG's office's appearance should be stricken on the grounds that the AG's office will likely be witnesses in this litigation. Motion to Strike at 5. The Rules of Professional Conduct provide, generally, that "A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness . . . ." Guam R. Prof'l Conduct r. 3.7(a). The Arizona Supreme Court, in analyzing the rule of necessity under Rule 3.7(a), explains the proposed testimony from the potential lawyer witness must be relevant, material, and unobtainable elsewhere. *Sec. Gen. Life Ins. Co. v. Superior Ct. In & For Yuma Cty.*, 718 P.2d 985, 987-88 (Ariz. 1986) (analyzing Arizona Rule 3.7(a) which mirrors the language of the Guam Rule of Professional Conduct 3.7(a)). Further, the party moving for disqualification is required to demonstrate that any corroborative testimony will be "*necessary* and not merely cumulative." *Cannon Airways, Inc. v. Frankin Holdings Corp.*, 669 F.Supp. 96, 102 (D. Del. 1987) (analyzing Delaware Rule 3.7(a) which mirrors the language of the Guam Rule of Professional Conduct 3.7(a)).

Here, Plaintiff alleges "the OAG and Mr. Orcutt are likely to be necessary witnesses at any proceeding in which the Government persists in challenging the validity of the agreements at issue in this case, thus precluding them from acting as counsel for the government." Motion to Strike at 5. However, Plaintiff makes no showing that the testimony of anyone from the AG's

office nor Mr. Orcutt will be relevant, material, and unobtainable elsewhere. Additionally, Plaintiff makes no showing that such testimony will be truly necessary and not merely cumulative. Plaintiff has not met its burden in showing the proposed testimony will be necessary under Rule 3.7(a).

Plaintiff also raises concerns that the AG does not or may not have the ability to "bring itself up to speed regarding, the true facts of this case . . . ." Reply at 6. The Rules of Professional Conduct provide that "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." Guam R. Prof'l Conduct r. 1.1. Plaintiff has not shown that it has the requisite standing to make such a claim for disqualification on these grounds. *See Coyler v. Smith*, 50 F.Supp.2d 966, 968 (C.D. Cal. 1999) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S 555, 560-61 (1992) ("The burden is on the party seeking relief to establish these 'irreducible constitutional minimum' elements with respect to the particular issues the party wishes to have decided").[3]

Therefore, under a Motion to Disqualify standard, Plaintiff's Motion to strike fails.

## C.      The Guam Organic Act authorizes the AG to act as counsel for the government.

The Guam Organic Act provides that "[t]he Attorney General of Guam shall be the Chief Legal Officer of the Government of Guam." 48 U.S.C.A. § 1421g(d)(1) (2018). This indicates that in the Government's legal matters, the AG shall represent the Government. While the AG may have withdrawn prior due to conflict reasons, the Court sees no reason to withhold the AG from performing its statutory duty absent any conflicts.

---

[3] While *Coyler* dealt with disqualification on grounds of conflict of interest, the Court finds the reasoning applicable here. "To allow an unauthorized surrogate to champion the rights of the former client would allow that surrogate to use the conflict rules for his own purposes where a genuine conflict might not really exist." *In re Yarn Processing Patent Validity Litigation*, 530 F.2d 83, 90 (5th Cir. 1976). To allow Plaintiff to argue disqualification on behalf of Defendants would "champion the rights" of Defendants to ensure they are receiving competent representation if they are truly worried.

Plaintiff argues the Court needs to preliminarily address Ms. Cruz's withdrawal in this case, arguing that "Plaintiff's counsel was never served with a copy of this Notice of Withdrawal, and would have objected or responded to this unilateral withdrawal had it known about it." Motion to Strike at 2. Plaintiff also cites Guam Rule of Civil Procedure 5 and CVR 5.1 which requires service upon all parties. While service is required upon all parties, Plaintiff has failed to explain exactly what its objection would have been had it been served with the notice of withdrawal. It is Plaintiff's burden to make all the necessary showings in its Motion to Strike. A generalized proposition that an unspecified objection may have occurred will not suffice. Further, in light of the fact that the AG's office is statutorily required to be counsel for the Government, the Court fails to see how Plaintiff has been prejudiced by Ms. Cruz's withdrawal.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Strike is **DENIED**. Plaintiff has not satisfied its burden in showing grounds to strike the appearance of the AG, either as a Motion to Strike or a Motion to Disqualify. Further, the AG is statutorily authorized to act as counsel for the Government. The Court furthers **ORDERS** the parties to provide the Court with an update as to the status of the ongoing mediation. The Court orders that a status hearing will be set for February 3, 2020 at 2:00pm.

**IT IS SO ORDERED** this 18th day of November, 2019.

**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

Page 7 of 7

SERVICE VIA COURT BOX
I ack... ...e that a copy of the
original h... ...to was placed in the
court box d...
CAMACHO, Anvyv
Fisher, AG
Date: 11/18/ Time: 12p
Ramos
Deputy Clerk, Superior Court of Guam

SERVICE VIA COURT BOX
I ack... ...dge that a copy of the
original h... reto was placed in the
court box of:
M Gortsmith
Avrigvi
Date: 11/18/19 Time: 12p
Ramos
Deputy Clerk, Superior Court of Guam